(54 Misc. Rep. 133)

### SENGENS v. FENNEL et al.

(Supreme Court, Special Term, New York County. March 30, 1907.)

EXECUTORS AND ADMINISTRATORS—POWERS—REAL PROPERTY—PARTITION.

A will giving an executrix power to sell, lease, or mortgage testators' estate, and to do all things necessary in the management thereof, did not authorize the executrix to partition property held by testator at his death as tenant in common.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 22, Executors and Administrators, §§ 558–562.]

Action for partition by William E. Sengens against Annie Fennel and others. Judgment for plaintiff.

Max G. Wildeman (Edward Miehling, of counsel), for plaintiff.
Ewing & Geiger, for defendant.
John A. Straley, for infants.

NEWBURGER, J. Plaintiff and one John Fennel owned as tenants in common adjoining premises Nos. 207 and 209 East Eighty-Ninth street, in this city. Upon the premises were erected two tenement houses equal in value and upon lots of the same dimensions. John Fennel died on the 15th of October, 1897, leaving a last will and testament in which, after bequeathing $4,000 to his mother, he

gave one-third of his residuary estate to his wife and the remaining two-thirds to his children, the infant defendants in this action, to be divided equally between them. He then gives to his executrix "power to sell, lease or mortgage my real estate, and do all things that may be necessary in the management thereof." In March, 1900, the plaintiff and Annie Fennel, the executrix, agreed to divide the property, and said Annie Fennel, individually and as executrix, transferred premises No. 207 East Eighty-Ninth street to the plaintiff, and the plaintiff transferred his interest in the premises No. 209 East Eighty-Ninth street to Annie Fennel. In other words, they partitioned among themselves the property which is now sought to be partitioned in this action.

The only question, therefore, to be determined is: Was the conveyance from Annie Fennel to the plaintiff sufficient to divest whatever interest she or the infant defendants had under the will of John Fennel? It is apparent from a reading of the will that the power of sale did not permit the executrix to convey the interest of the estate. It has been repeatedly held that a conveyance made in consideration of the grant of other property is not a sale within a naked power of sale, and that the execution of a power of sale contemplates that the sale must be made for cash or its equivalent, and therefore the power of sale under the will of John Fennel did not authorize his executrix to partition the property, and judgment must be granted to the plaintiff herein.

Submit findings.